**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TYREESE TAYLOR-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:07-cv-525-SEB-TAB |
| ) | |
| THE GOVERNOR, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Proceed *In Forma Pauperis*,
Discussing Complaint, and Directing Entry of Final Judgment**

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial filing fee is not feasible at this time. However, the plaintiff's ability to pay the filing fee or a part thereof may be reviewed from time to time even after the case is closed.

**II.**

The plaintiff alleges in this civil rights action that he was unlawfully arrested in September 2006, and a probable cause hearing was held without allowing the plaintiff to have counsel, in violation of his Fourth and Fourteenth Amendment rights. He alleges that probable cause was found and he is now being held pending trial. He further alleges that the same thing happened to him in 1980. He alleges that a change of Indiana law in 1976 allowed for crimes to be charged by information rather than by grand jury, but that his due process rights were violated. He has named the following defendants: The Governor of the State of Indiana in 1976 (John Doe), Lt. Governor of the State of Indiana in 1976 (John Doe), The Legislative Body of Indiana in 1976 (as John and Jane Does), the Legislative Body of Indiana of 2006 (as John and Jane Does), Governor of Indiana Mitch Daniels, and Lt. Governor of Indiana in 2006 (Jane Doe), each in their official and individual capacities. He seeks a declaratory judgment, compensatory and punitive damages and an injunction ordering his immediate release from custody and to change the current law retroactive to 1976 to require that it ensure procedural safeguards.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* This action must be dismissed. This disposition is compelled by the following facts and circumstances:

- The claims for damages asserted against the defendants in their official capacities are, "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These claims are dismissed as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

- A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the court is not at liberty to convert that portion of the action to a claim for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996). Accordingly, the plaintiff's claim for immediate release from custody fails to state a claim upon which relief can be granted and is dismissed for lack of jurisdiction.

- The plaintiff's claim for damages against the individuals in their individual capacities fails to state a claim upon which relief can be granted because the complaint does not allege that any of the defendants personally participated in the conduct or directed that it occur. To the extent the defendants are named as defendants because of his or her supervisory position, this is not a valid basis on which to impose liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

- The plaintiff's claims for damages relating to any 1980 proceedings and relating to any 2006 arrest are legally insufficient because a plaintiff's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because the plaintiff does not allege that any conviction resulting from the 1980 arrest was overturned or expunged and because he alleges that he was arrested as recently as September 15, 2006, and that he remains incarcerated, the rule of *Heck* precludes these claims in this action. These claims must be dismissed without prejudice.

- In addition, the fact that there was a finding of probable cause for both arrests also defeats his Section 1983 claims. *Fernandez v. Perez,* 937 F.2d 368, 371 (7th Cir. 1991) ("'the existence of probable cause to arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution.'")(quoting *Scherz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)).

### III.

"[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue. The dismissal of the claim for injunctive relief, however, shall be for lack of jurisdiction and the damages claims shall be dismissed without prejudice.

**IT IS SO ORDERED**.

Date: 05/02/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana